## Commonwealth v. Lawbowitz.

*Automobiles—Reckless driving—Summary proceeding—Contributory negligence of pedestrians—Act of June 30, 1919.*

1. Where a person is shown to have violated the Act of June 30, 1919, P. L. 678, by recklessly driving an automobile and injuring pedestrians, it is immaterial that the parties injured may have contributed to their injuries by their own negligence.

2. Nor in such a case is it necessary to show that the defendant "wilfully and intentionally" ran down the persons injured.

3. It is the driver's business to know and see that he does not exceed the speed limit; and if he exceeds it, he is guilty of violating the act.

Hearing on transcript of justice of the peace. Q. S. Washington Co., Nov. Sess., 1921, No. 35.

In re hearing on transcript of W. S. Miller, justice of the peace, wherein the above-named defendant is charged with "operating a motor-vehicle on the public road in Carrol Township, Washington County, Pa., in a reckless manner, thereby endangering the lives of the general public, contrary to an Act of Assembly, No. 283, § 19, P. L. 1919."

*Warren S. Burchinal,* for Commonwealth; *Harry A. Jones,* for defendant.

McILVAINE, P. J.—On Aug. 27, 1921, an information, under oath, was made against the above-named defendant, Morris Lawbowitz, *alias* James Lawbowitz, before W. S. Miller, justice of the peace of Carroll Township, Washington County, Pennsylvania, wherein he was charged as hereinbefore recited, and a warrant was issued for his arrest. On Sept. 3, 1921, the defendant appeared and waived a summary hearing before the justice and gave bond for his appearance for trial before a judge of the Court of Quarter Sessions, as provided by the 33rd section of the act of assembly hereinbefore recited.

The justice's transcript having been returned to this court, Oct. 7, 1921, was fixed for the day of hearing.

The hearing was had at the time appointed, Harry A. Jones, Esq., appearing for the defendant, and Warren S. Burchinal, Esq., First Assistant District Attorney, appearing for the Commonwealth.

The defendant having pleaded not guilty, the district attorney called twelve witnesses, who were sworn and testified in behalf of the Commonwealth, and the defendant's counsel called three witnesses, including the defendant, who were sworn and examined in behalf of the defendant.

### Summary of the testimony.

The defendant keeps a store in the Pigeon Creek Valley, on the public highway which leads from Bentleyville to Monongahela City, in this county, and the place where his store is located is about five miles distant from Monongahela City. He makes his deposits in Alexander's Bank, located in said city, and on Saturday evening, Aug. 27th, left his place of business about half-past eight (daylight saving time) for the purpose of making a deposit in Alexander's Bank, which kept open on Saturday evenings to receive deposits as late as nine o'clock (daylight saving time). At a point on the highway over which he traveled in his Essex car, between Dunkirk and Frye's Bridge, he overtook five boys who were walking on the road ahead in the same direction that he was going. It was dusk or almost dark, and as he approached the boys, and when only about twenty-five feet from them, he quickly and repeatedly sounded his horn, but did not stop his car until he had struck two of the boys in the back and ran some twenty-five feet beyond where he struck them. Having stopped at this point and seeing that two of the boys were injured, he took them in his car for the purpose of taking them to their

homes or to a doctor, but one of them being unconscious, he was taken to the hospital at Monongahela City, where he remained for a period of two weeks. No bones were broken or internal injuries inflicted, and the boys were about again in a short time. Four of these boys, at the time of the accident, were walking single file, one close behind the other; the fifth boy was not far from them, and they were all walking on the extreme right side of the road. The road at this point some years ago was improved, and in the construction of the improved road some fourteen feet of the centre of the road were bricked, while at the sides of this brick driveway was an unbricked surface fit for travel, and the four boys were walking about four feet to the right of the edge of the brick driveway. The defendant was evidently driving at a very rapid rate of speed, the estimate of many of the witnesses for the Commonwealth being that he was driving as fast as fifty miles an hour, while the defendant, however, who was the only witness called for the defence on the question of speed, estimated that his speed did not exceed twenty miles an hour. This road is traveled a great deal, not only by vehicles of all kinds, but by many pedestrians, and the defendant had knowledge of this fact.

The road in some places on the part that was bricked was out of repair and full of holes.

Immediately after the accident, the defendant was upbraided by a bystander for running into the boys, when he replied, "I wish I had killed some of them, for they are always in the way of some one," or words to that effect.

### Finding of fact.

Taking into consideration the rate of speed at which the defendant was driving, whether it be twenty miles an hour or fifty miles an hour; taking into consideration the fact that it was dusk or nearly dark; taking into consideration that the defendant was driving his car at the extreme right of the road and off the brick driveway, and that he did not blow his horn until within twenty-five feet of the boys who were traveling in front of him, where he ought to have seen them, we find as a matter of fact that the defendant did, at the point on the highway in Carroll Township indicated in the complaint filed before the justce, drive his motor-vehicle or car at a rate of speed greater than was reasonable and proper under the circumstances and so as to endanger the life and limb of persons there traveling.

### Conclusion of law.

That the defendant is guilty of having violated that part of the 19th section of the Motor Vehicle Act of June 30, 1919, P. L. 678, which reads as follows: "No person shall operate a motor-vehicle on the public highways of the State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger property or the life or limb of any person."

### Comments.

At the hearing the defendant testified that after he blew his horn and immediately before he struck two of the boys, the four boys, who were marching single file before him, separated, two of them stepping to the right and two stepping to the left immediately in front of his machine, where they were struck and injured. Whether this testimony is true and correct, we do not determine, for the reason that it is immaterial in this case, the court having found that the defendant, when he struck the boys, was driving in a reckless way under the circumstances, whether his speed was not more than twenty miles an hour or as much as fifty miles an hour.

1 D. & C.

Commonwealth *v.* Lawbowitz.

If he was violating the provisions of the 19th section of the act and was driving at a rate of speed greater than was reasonable and proper under the circumstances, then it would be no defence to say that the parties whom he may have injured contributed to the injury by their own negligence or recklessness. That defence might be available in a civil suit, where the injured parties were seeking to recover damage done to them by the defendant; but this is a quasi-criminal prosecution by the Commonwealth, charging recklessness against the defendant in driving a car, and it does not minimize his recklessness in the eyes of the law to show that some other person traveling the highway was also reckless. Again, it was argued by defendant's counsel that, although the defendant's car had struck these two boys, still he should be acquitted on the ground that there is no sufficient evidence in the case to show that he "wilfully and intentionally" ran into the boys.

The purpose of the legislature in the enactment contained in the 19th and 33rd sections of the Motor Vehicle Act was to induce, by the infliction of a penalty, those who drive motor-vehicles upon the public highways to exercise reasonable and proper care not to injure others who are using the same highway. Therefore, if the driver of a car, even accidentally or for want of attention to the business in hand, does what the act forbids, he is clearly guilty. He cannot acquit himself of any wrongdoing, by saying that his intentions were good. In other words, if a man with no speedometer and with but little judgment as to the speed that the car which he is driving is making drives a car forty miles an hour, he could not defend against a charge of exceeding the speed limit by saying that it was his honest intention while driving on the road, and on that particular occasion, not to exceed thirty miles an hour, and that he honestly believed at the time he was not driving forty miles an hour, that he was not going more than twenty-five. It is the driver's business under the law to know and to see that he does not exceed the speed limit, and if he does, he is guilty. In other words, the act puts the burden upon those who obtain license from the Commonwealth to use motor-vehicles on the public highways of seeing that they do not violate the law; or, to express it in another way, the license to drive a car is granted by the Commonwealth on the express condition that they who are licensed shall not do the things which the act prohibits.

### Judgment.

And now, Oct. 10, 1921, this complaint came on to be heard in due course, and the defendant appearing with his counsel at the time named for hearing and pleading not guilty, and the Commonwealth appearing by Warren S. Burchinal, First Assistant District Attorney, and twelve witnesses having been sworn and examined on behalf of the Commonwealth, and three witnesses having been sworn and examined on behalf of the defendant, after and upon due consideration, the court, J. A. McIlvaine presiding, finds from the testimony produced, a summary of which is hereinbefore given, that the defendant, Morris Lawbowitz, *alias* James Lawbowitz, is guilty as charged in said complaint returned by the said justice, W. S. Miller, and filed in this court; and the defendant, the said Morris Lawbowitz, *alias* James Lawbowitz, is sentenced to pay a fine of $10 and the costs of $108.92 as taxed by the clerk of this court, and in default of the payment of said fine and costs for ten days, it is ordered that the said defendant be committed to the county jail for a period of five days or until he is discharged according to law.

From Harry D. Hamilton, Washington, Pa.